MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. A. C. WILLIAMS.

Decided March 29, 1902.

**1.—Railway Company—Assumed Risk—Violation of Rules.**

Where a fireman was ordered out on a trip with an engineer with whom he had never served before, and on the trip going out the engineer violated the rules by passing stations without having his train under full control, the fact that the fireman remained with him on the return part of the trip did not charge the former with having assumed the risk.

**2.—Same—Failure to Report Violation.**

A rule of the company required employes to report to their immediate superior officers any violation of the rules. Plaintiff, a fireman, did not report at the down terminus of the run the engineer's violation of the rules in passing stations on the trip down without having his train under full control, but the evidence did not show that plaintiff's immediate superior officer was stationed at that point. Held, that a violation by plaintiff of the rule as to reporting was not shown.

**3.—Same—Fireman's Duty to Keep Lookout.**

A charge sufficiently presented the duty of a fireman to keep a lookout for other trains on approaching a station where it instructed that if he failed to

keep such a lookout as an ordinarily prudent man would have done under the same circumstances, and such failure contributed to his injury, he could not recover, and that in determining the question of negligence on his part the rules and orders under which and the manner in which the train was operated should be considered.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*T. S. Miller* and *Head & Dillard,* for appellant.

*Wolfe, Hare & Semple* and *Cummins & Mathis,* for appellee.

TEMPLETON, Associate Justice.—Appellee was injured in a collision between two of appellant's freight trains at Sadler switch. The south-bound train had orders to take the side track at that point, but when the engine was run on the side track the wheels began slipping, which caused a delay of several minutes. Before the south-bound train had cleared the main track, the north-bound train came along and ran into it. Appellee was fireman on the north-bound train and brought suit on account of the injuries received by him in the collision. He recovered judgment, and the company has appealed.

Under the rules of the company the north-bound train should have approached the switch under control and prepared to stop. The rules required the engineer and trainmen to commence to get their train in hand in ample time to avoid striking any train which might be at the switch, and the responsibility for safety rested on the approaching train. Hamilton, the engineer on the north-bound train, disobeyed the rules and attempted to pass the switch at a speed of thirty or forty miles per hour. Appellee complained of this conduct of the engineer as constituting negligence on the part of the company. Appellee had nothing to do with the operation of the train, except to fire the engine, and he had no control over the speed or movement of the train.

Appellant contends that appellee assumed the risk of being injured because of such conduct on the part of the engineer, for the reason that the engineer habitually violated the said rules, and appellee, with knowledge of the fact, voluntarily continued to work with him. The court refused to submit the issue to the jury.

The evidence showed that the appellee and Hamilton had never worked together before. They ran a freight train from Denison to Fort Worth on the day of the accident, and were on the return trip when the collision took place. On the trip down, Hamilton passed stations and switches without having his engine under control. The number of stations and switches so passed was not shown, and the conditions under which the engineer violated the rules do not appear.

Conceding that the doctrine of assumed risk applies to a servant who works with another servant who is competent but known to be careless, still we are of the opinion that the facts of this case do not bring appellee within the rule. If Hamilton habitually violated the rules of the

company in regard to having his train under control at stations and switches, the fact was, presumably, known to the company when it sent appellce out with him. When appellee, in compliance with the orders of his employer, undertook to fire Hamilton's engine on the trip from Denison to Fort Worth and return, he knew nothing of the manner in which Hamilton usually handled his train. The only fact in regard to this matter that he learned on his trip to Fort Worth was that Hamilton ran by stations and switches without having his engine under control. These violations of the rules on the down trip do not seem to have exposed the train to any real risk of accident. Appellee was under orders to make the return trip with Hamilton. He was away from home and from headquarters. The trip on which he had been sent had not been completed. Appellant having required appellee to make the trip with Hamilton, when it knew or ought have known, if such was the fact, that Hamilton habitually violated its rules, while appellee did not know the fact, can not be heard to say that appellee is estopped from complaining of Hamilton's negligence because, before the trip was over, he learned that Hamilton sometimes disregarded the rules.

Appellant insists that under one of its rules it was appellee's duty to make complaint at Fort Worth of Hamilton's disobedience of the rules. The rule invoked required employes to report to their immediate superior officer any infringement of the rules. It does not appear that appellee's immediate superior officer was stationed at Fort Worth, and we infer that he was not. Appellee did not, therefore, in failing to report Hamilton to appellant's agent at Fort Worth, violate the rule requiring him to report such matters.

Appellant complains of the action of the trial court in refusing to give special charges relating to the duty of appellee to keep a lookout, the contention being that he should have been keeping a lookout as the train approached Sadler switch; that he failed to do so, and that had he done so he would have discovered the south-bound train on the track in time to have averted the accident. The uncontroverted evidence shows that the first duty of the fireman was to keep his engine coaled, and that he was actually engaged in performing that duty as his train approached the switch. There was some conflict in the evidence as to whether there was a necessity for him to be so engaged at the time, but not on the proposition that he thought it was necessary for him to do so. The court charged the jury that if they believed that as the north-bound train approached the switch appellee failed to keep such a lookout as an ordinarily prudent person would have done under the same or similar circumstances, and that such failure on his part to keep such lookout caused or contributed to his injuries, then he could not recover. The jury was further instructed, in effect, that in determining the question of negligence on the part of appellee they should look to and consider the rules and orders of appellant under which and the manner in which the train was operated, as well as the circumstances and conditions existing at the time of the accident. These charges sufficiently pre-

sented the issue concerning appellee's duty to keep a lookout, and rendered unnecessary the giving of the special charges requested.

The only other question presented relates to the exclusion of testimony offered by appellant to the effect that appellee had a contract with his attorneys whereby they agreed to pay him certain moneys pending the suit. The decision of this court in Railway v. Bailey, recently decided and not yet reported, settles the question against the contention of appellant.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.